CINCINNATI BAR ASSOCIATION *v*. NEWMAN.

[Cite as *Cincinnati Bar Assn*. *v. Newman*,

124 Ohio St.3d 505, 2010-Ohio-928.]

*Attorneys at law — Misconduct — Disciplinary procedure — Sworn or certified*

*documentary evidence required upon default — Gov.Bar R. V(6)(F)(1).*

(No. 2009-1917 — Submitted December 16, 2009 — Decided March 17, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 09-041.

_____

**Per Curiam**.

{¶ 1} Respondent, George W. Newman III of Cincinnati, Ohio, Attorney Registration No. 0050769, was admitted to the practice of law in Ohio in October 1964. In June 2009, relator, Cincinnati Bar Association, filed a complaint charging respondent with violations of the Ohio Rules of Professional Conduct. Relator served respondent with the complaint, but he did not answer. Therefore, in August 2009, relator moved for default. See Gov.Bar R. V(6)(F). The Board of Commissioners on Grievances and Discipline referred the default motion to a master commissioner, who made findings of fact, conclusions of law, and a recommendation that the board indefinitely suspend respondent from the practice of law, all of which the board adopted. However, because we find that the record lacks sufficient sworn or certified evidence to support the allegations of misconduct, we return this cause to the board for further proceedings consistent with this decision.

{¶ 2} In its complaint, relator alleged that in September 2007, respondent had entered a guilty plea and was convicted of three counts of theft in violation of R.C. 2913.02, fifth-degree felonies. Specifically, relator stated that respondent

had engaged in a scheme by which he deposited checks drawn on closed accounts or accounts with insufficient funds into other bank accounts and then withdrew cash from those artificially inflated accounts, causing losses of $5,809.67 to Fifth Third Bank, $11,804 to U.S. Bank, and $4,459.99 to Huntington Bank. Relator noted that based upon the conduct alleged, this court had imposed an interim felony suspension from the practice of law against respondent on February 2, 2009. *In re Newman*, 120 Ohio St.3d 1500, 2009-Ohio-381, 900 N.E.2d 618. Additionally, relator alleged that despite having received notice of the disciplinary investigation pending against him, respondent failed to respond or otherwise participate in the disciplinary process.

{¶ 3} Based upon the foregoing conduct, relator alleged that respondent violated his oath of office and Prof.Cond. R. 8.1(b) (forbidding failure to respond to a demand for information from a disciplinary authority), 8.3(a) (requiring a lawyer to self-report violations of the Ohio Rules of Professional Conduct that raise questions about the lawyer's honesty, trustworthiness, and fitness), and 8.4(b) (prohibiting illegal acts that reflect adversely on the lawyer's honesty or trustworthiness).

{¶ 4} Relator supported its motion for default judgment with copies of documents purporting to be the indictment, bill of particulars, guilty plea, judgment entry, our interim-suspension order, three letters addressed to respondent, and two certified-mail return receipts that appear to have been signed by respondent. Additionally, relator submitted the affidavit of its attorney investigator.[1]

---

1. {¶ a} The affidavit states:
    {¶ b} "1. I am an attorney licensed to practice law in the State of Ohio.
    {¶ c} "2. I am and have been for many years a member of the Certified Grievance Committee of the Cincinnati Bar Association.
    {¶ d} "3. I was asked to investigate a complaint against George W. Newman III arising out of his felony theft conviction.

**{¶ 5}** Gov.Bar R. V(6)(F)(1) provides: "A motion for default shall contain all of the following: * * * (b) Sworn or certified documentary prima facie evidence in support of the allegations made." Additionally, Gov.Bar R. V(6)(J) specifies that findings of misconduct must be supported by clear and convincing evidence.

**{¶ 6}** The Supreme Court Rules for the Government of the Bar of Ohio do not define the terms "sworn or certified documentary * * * evidence." Therefore, we use the common, ordinary, and accepted meaning. Black's Law Dictionary (9th Ed.2009) 385 defines "certified copy" as "[a] duplicate of an original (usu. official) document, certified as an exact reproduction usu. by the officer responsible for issuing or keeping the original."

**{¶ 7}** Additionally, in the context of documents submitted in support of a motion for summary judgment, we have stated, "The requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions." *State ex rel. Corrigan v. Seminatore* (1981), 66 Ohio St.2d 459, 467, 20 O.O.3d 388, 423 N.E.2d 105. Likewise, we conclude that a party may satisfy the Gov.Bar R. V(6)(F)(1) requirement by submitting copies of documents attached to an affidavit containing a statement that they are true copies and reproductions.

**{¶ 8}** Here, however, the documents submitted by relator in support of its motion for default judgment were neither certified nor sworn. None of the documents bears any certification by the officer responsible for issuing or keeping the original that the copy is a true or exact reproduction. And although relator

---

{¶ e} "4. I attempted to contact Mr. Newman by telephone (his listed number was not functional) and by certified and regular mail. He received the certified mail but did not respond in any way.

{¶ f} "5. Following the filing of the complaint herein, I contacted Mr. Newman by certified letter of July 9, 2009. He received the certified mail but did not respond in any way."

submitted an affidavit from its investigative attorney, that affidavit refers only to the letters addressed to respondent and the two certified-mail return receipts that appear to have been signed by respondent. It contains no statement that the copies referred to in the affidavit are true copies or reproductions of the originals. Nor does it mention the submitted copies of the indictment, bill of particulars, guilty plea, judgment entry, or our interim-suspension order, let alone contain a sworn statement that they are true copies.

{¶ 9} Based upon the foregoing, we reject the findings of fact, conclusions of law, and recommendation of the board because the record before us lacks sufficient sworn or certified documentary prima facie evidence in support of relator's allegations. Accordingly, we return this case to the board for further proceedings consistent with this decision, including the submission and consideration of sworn or certified evidence establishing the charges of respondent's misconduct. See *Dayton Bar Assn. v. Sebree*, 104 Ohio St.3d 448, 2004-Ohio-6560, 820 N.E.2d 318, ¶ 16.

Judgment accordingly.

MOYER, C.J., and PFEIFER, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., dissents and would permanently disbar the respondent.

_____

Naomi C. Dallob and Edwin W. Patterson III, for relator.

_____