**DISCIPLINARY COUNSEL *v.* SCACCHETTI.**

**[Cite as *Disciplinary Counsel v. Scacchetti,***

**131 Ohio St.3d 165, 2012-Ohio-223.]**

*Attorneys at law—Misconduct—Violations relating to client trust account— Failure to cooperate in disciplinary investigation—Neglect of legal matter—Indefinite suspension.*

(No. 2011-1409—Submitted October 5, 2011—Decided January 26, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-043.

———————————

**Per Curiam.**

**{¶ 1}** Respondent, David John Scacchetti of Cincinnati, Ohio, Attorney Registration No. 0014117, was admitted to the practice of law in Ohio in 1982. In June 2007, we suspended Scacchetti for two years, with the final 18 months stayed on conditions based upon his cocaine use and related criminal charges. *Disciplinary Counsel v. Scacchetti*, 114 Ohio St.3d 36, 2007-Ohio-2713, 867 N.E.2d 830. We reinstated Scacchetti to the practice of law and placed him on probation on March 20, 2008. *Disciplinary Counsel v. Scacchetti*, 117 Ohio St.3d 1216, 2008-Ohio-1489, 883 N.E.2d 1073.[1] And on November 1, 2011, we suspended his license for failure to comply with the registration requirements of Gov.Bar R. VI for the 2011-2013 biennium. *In re Attorney Registration Suspension of Scacchetti*, 130 Ohio St.3d 1423, 2011-Ohio-5627, 956 N.E.2d 310.

**{¶ 2}** On April 11, 2011, relator, Disciplinary Counsel, filed a complaint charging Scacchetti with violations of the Ohio Rules of Professional Conduct,

---

1. As of the date of this opinion, Scacchetti has not applied for termination of his probation as required by Gov.Bar R. V(9)(D).

alleging that he had commingled personal and client funds, used his client trust account as a personal account or law-office operating account, neglected a client matter, and failed to respond in the ensuing disciplinary investigations. The Board of Commissioners on Grievances and Discipline attempted to serve Scacchetti with a copy of the complaint by certified mail at the address he had registered with the Office of Attorney Registration, but the letter was returned unclaimed. On May 9, 2011, the clerk of the Supreme Court of Ohio accepted service on Scacchetti's behalf in accordance with Gov.Bar R. V(11)(B), and relator moved for default judgment pursuant to Gov.Bar R. V(6)(F) on June 23, 2011.

{¶ 3} The board referred the motion to a master commissioner, who found that the materials relator offered in support of his default motion were sufficient and that relator had proved each of the alleged violations of the Rules of Professional Conduct by clear and convincing evidence. The master commissioner, however, rejected relator's recommended two-year suspension from the practice of law in favor of an indefinite suspension. The board adopted the master commissioner's findings of fact and misconduct and his recommended sanction.

**Misconduct**

{¶ 4} The essence of the board's findings is as follows. With regard to count one, relator received notice from Scacchetti's bank that he had overdrawn his client trust account on five separate occasions. In response to those notices, relator sent letters of inquiry seeking Scacchetti's explanation of the overdrafts. Although Scacchetti submitted a partial response to one letter, spoke with assistant disciplinary counsel by telephone, and requested and received an extension of time to provide additional information, he did not provide any additional information or respond to relator's subsequent correspondence. Scacchetti was subpoenaed to attend two depositions, but failed to appear.

**{¶ 5}** The board also found that from May 2009 through November 2010, Scacchetti commingled personal and client funds in his client trust account, used that account as if it were a personal account or law-office operating account, and caused the account to be overdrawn on five separate occasions.

**{¶ 6}** With respect to count two, the board found that respondent represented Mariscal Protasio Cortez on a felony-theft matter before the Hamilton County Court of Common Pleas. Cortez entered a guilty plea to a first-degree-misdemeanor theft charge and, as part of the plea agreement, provided Scacchetti with $100 to pay restitution to the victim of the offense. Although Scacchetti informed the presiding judge that he would make the payment and provide the court with a copy of the receipt, he failed to do so. And, as in count one, Scacchetti failed to respond to relator's letters of inquiry.

**{¶ 7}** Based upon its factual findings, the board found that respondent's conduct with respect to count one violated Prof.Cond.R. 1.15(a) (requiring a lawyer to hold funds of clients in an interest-bearing client trust account, separate from the lawyer's own property), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

**{¶ 8}** With respect to count two, the board found that respondent's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.15(d) (requiring a lawyer to promptly deliver funds or other property that the client or third person is entitled to receive), 8.1(b), 8.4(d), and 8.4(h) and Gov.Bar R. (V)(4)(G).

**Sanction**

{¶ 9} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 10} The board found that there are no mitigating factors present but that Scacchetti's prior disciplinary record, his pattern of misconduct, and his failure to cooperate in the disciplinary process are aggravating factors in this case. BCGD Proc.Reg. 10(B)(1)(a), (c), and (e). The board also found that on April 15, 2011, respondent pleaded guilty to a misdemeanor charge of possession of drug paraphernalia and was sentenced to two years of community control, conditioned upon his submission to random urine testing and participation in outpatient treatment.

{¶ 11} Relator recommended that Scacchetti be suspended from the practice of law, with reinstatement conditioned upon his successful completion of a minimum two-year contract with the Ohio Lawyers Assistance Program ("OLAP") and any OLAP treatment recommendations, compliance with the terms of his community control, and completion of continuing legal education relating to client trust accounts.

{¶ 12} Having considered Scacchetti's conduct, the relevant aggravating factors, the absence of any mitigating factors, and the sanction imposed for comparable conduct in *Dayton Bar Assn. v. Wilson*, 127 Ohio St.3d 10, 2010-Ohio-4937, 935 N.E.2d 841 (imposing an indefinite suspension on an attorney

who failed to maintain accurate records of the funds held in her client trust account, failed to promptly deliver funds that a client was entitled to receive, failed to provide diligent and competent legal representation to another client, and failed to cooperate in the resulting disciplinary investigation), the board recommends that we indefinitely suspend respondent from the practice of law.

{¶ 13} Clear and convincing evidence demonstrates that Scacchetti neglected the legal matters of his client, failed to promptly deliver funds or other property that a third party was entitled to receive, and failed to cooperate in the ensuing disciplinary investigation.[2]  We have recognized that "[a] lawyer's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio." *Akron Bar Assn. v. Goodlet*, 115 Ohio St.3d 7, 2007-Ohio-4271, 873 N.E.2d 815, ¶ 20.

{¶ 14} Therefore, we agree that the indefinite suspension recommended by the board is the appropriate sanction in this case.  In light of Scacchetti's previous drug-related suspension and his recent conviction for possession of illegal drug paraphernalia, we also agree that to protect the public and maintain

---

2.  Gov.Bar R. V(6)(F)(1)(b) provides that a motion for default in a disciplinary proceeding shall contain "[s]worn or certified documentary prima facie evidence in support of the allegations made."  Relator's exhibits 3 through 57 include photocopies of letters relator purportedly sent to Scacchetti, bank records, photocopies of checks deposited into and drafted on Scacchetti's client trust account, a letter purportedly sent to relator by Scacchetti, a transcript of an attempted deposition, two subpoenas duces tecum purportedly served upon Scacchetti, and overdraft notices purportedly sent to relator by Scacchetti's bank.  Although relator has also submitted the affidavit of an assistant disciplinary counsel detailing relator's efforts to communicate with Scacchetti, that affidavit does not state that the documents submitted with the affidavit are true copies or reproductions of the originals sent to or received from Scacchetti.  Because the record contains no sworn or certified evidence relating to Scacchetti's handling of his client trust account, we cannot adopt the board's findings of fact or misconduct with regard to his alleged violation of Prof.Cond.R. 1.15(a). See *Cincinnati Bar Assn. v. Newman*, 124 Ohio St.3d 505, 2010-Ohio-928, 924 N.E.2d 359, ¶ 8-9.  Based on the evidence supporting the other violations, however, the lack of certified evidence on this violation does not alter the outcome of this case.

the integrity of the legal profession, any future reinstatement will be conditioned upon his entering into a minimum two-year OLAP contract and compliance with all OLAP treatment recommendations, compliance with the conditions of his community control, and completion of at least 12 hours of continuing legal education related to law-practice management.

{¶ 15} Therefore, we indefinitely suspend David John Scacchetti from the practice of law in Ohio. Any future reinstatement will be conditioned upon Scacchetti's submission of proof that he has entered into a minimum two-year OLAP contract, is in compliance with all OLAP treatment recommendations, is in compliance with the conditions of his community control, and has completed at least 12 hours of continuing legal education related to law-practice management. Costs are taxed to Scacchetti.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

_____