DISCIPLINARY COUNSEL *v.* BOGDANSKI.

[Cite as *Disciplinary Counsel v. Bogdanski,* **135 Ohio St.3d 235,**

**2013-Ohio-398.**]

*Attorneys—Misconduct—Forging signature of client—Incompetent representation—*
*Failure to keep clients informed—Neglect of legal matters—Failure to*
*cooperate with disciplinary investigation—Indefinite suspension with*
*conditions for reinstatement.*

(No. 2012-1331—Submitted January 9, 2013—Decided February 13, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 11-089.

_____

**Per Curiam**.

**{¶ 1}** Respondent, April Marie Bogdanski of Columbus, Ohio, Attorney
Registration No. 0074879, was admitted to the practice of law in Ohio in 2002. In
October 2011, relator, disciplinary counsel, charged Bogdanski with multiple
violations of the Rules of Professional Conduct for twice forging a client's
signature and then notarizing those signatures. In a second amended complaint,
relator alleged that Bogdanski committed professional misconduct for her
incompetence and neglect in two other client matters.

**{¶ 2}** Bogdanski answered, admitting to most of the factual allegations
lodged against her but, with one exception, denying that her conduct amounted to
professional misconduct. Bogdanski, however, did not appear for the June 2012
three-member panel hearing of the Board of Commissioners on Grievances and
Discipline.[1] Based on the record, including hearing testimony from five

_____

1. As evidence that Bogdanski received notice of the board hearing, the panel and board reports
cite a certified-mail receipt signed by "C Reynolds." The mail receipt signed by "C Reynolds,"

witnesses, the panel determined that there was clear and convincing evidence that Bogdanski had committed the charged misconduct. As a sanction, relator recommended and the panel found that Bogdanski should be indefinitely suspended from the practice of law, with conditions on reinstatement. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction. No objections have been filed.

{¶ 3} We, in turn, accept the board's report and indefinitely suspend Bogdanski from the practice of law in Ohio.

### Misconduct

Count I—Ruben Morales Matter

{¶ 4} In 2010, while representing Ruben Morales, Bogdanski forged his signature on an affidavit, notarized that signature, and then filed the forged affidavit in the Franklin County Court of Common Pleas. Bogdanski similarly forged Morales's signature on the verification page of his response to a request for production of documents, notarized that signature, and served the forged document on opposing counsel.

{¶ 5} We agree with the panel and board's findings that Bogdanski's conduct violated Prof.Cond.R. 3.3(a)(3)[2] (prohibiting a lawyer from knowingly offering evidence the lawyer knows to be false), 8.4(c) (prohibiting a lawyer from

---

however, was from relator, not Bogdanski. There does not appear to be any certified-mail receipt in the record confirming that Bogdanski received the hearing notice, even though the notice was sent to her attorney-registration address. Notwithstanding this fact, Disciplinary Counsel Jonathan Coughlan testified that Bogdanski had actual notice of the hearing date. Specifically, he stated under oath that Bogdanski appeared at his office in early May 2012 and acknowledged the June 20 hearing date. He further testified that when Bogdanski opened her calendar to June, the hearing date was already documented. In addition, during the hearing, the panel chairperson stated that Bogdanski had agreed to the hearing date during a prehearing conference.

2. The panel found a violation of "Prof.Cond.R. 3.3 (a lawyer shall not knowingly offer evidence that the lawyer knows to be false)," while the board found a violation of "Prof.Cond.R. 3.3(a)(3) [knowingly offer evidence that the lawyer knows to be false]." We agree with the board that the specific subsection (a)(3) of the rule better describes the misconduct that was charged here, rather than the general Prof.Cond.R. 3.3 violation found by the panel.

engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (prohibiting a lawyer from engaging in conduct that is prejudicial to the administration of justice), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

Count II—Heather Phillips Matter

{¶ 6} In 2010, Bogdanski worked as an independent contractor for the law firm Barr Jones & Associates. In February of that year, Heather Phillips retained the law firm to file a divorce complaint, and Bogdanski was assigned to the representation. At some point in late 2010, Bogdanski became disassociated from the law firm, but she continued representing Phillips. We concur in the panel and board's findings that Bogdanski's representation of Phillips was incompetent, that she failed to act with reasonable diligence and to keep her client reasonably informed, and that she persistently engaged in a "barrage of excuse-making" for her inadequate representation.

{¶ 7} Specifically, in mid-December 2010, Bogdanski informed Phillips that she would file the divorce complaint. By December 30, 2010, the complaint had not been filed; Bogdanski claimed that she had car problems and had broken her finger. Bogdanski then told her client that she would mail the complaint by January 5, 2011. On January 25, however, after Phillips inquired about the complaint's status, Bogdanski told her that the court had rejected the filing because she used the incorrect forms. The divorce complaint was finally filed on February 28, 2011, almost a year after Phillips's initial consultation.

{¶ 8} Bogdanski then failed to appear for the April 26 hearing, which was supposed to be the first and final hearing in the case because Phillips and her husband had previously agreed on all terms of the divorce in a memorandum of understanding. Bogdanski told Phillips that she missed the hearing because her car had broken down and she had left her cell phone at home. Bogdanski appeared late for the rescheduled May 31 hearing, but, more importantly, she did

not bring the necessary documents to complete the divorce, specifically, the memorandum of understanding. Bogdanski also incorrectly told the court that her client was requesting full custody of the parties' two children—despite the fact that the memorandum of understanding stated that the parties had agreed to a shared-parenting arrangement. The case was then rescheduled so that Bogdanski could prepare the necessary paperwork.

{¶ 9} By July 7, Bogdanski had not yet sent the draft shared-parenting agreement to Phillips, and after Phillips inquired, Bogdanski informed her that a thunderstorm had knocked out the power at a public library where she was working. On the day before the rescheduled July 26 final hearing, Bogdanski called the court's bailiff, requesting that she review the shared-parenting agreement to determine whether it was correct. The bailiff declined.

{¶ 10} Bogdanski then failed to appear for the following day's hearing, even after Phillips and the bailiff tried unsuccessfully to reach her. Two days later, Bogdanski informed the bailiff that she had suffered from food poisoning and had asked someone else to inform the court but the person failed to do so. Phillips claims that Bogdanski never communicated to her why she missed the July hearing. Phillips thereafter hired new counsel and paid additional attorney fees to complete the divorce. The trial court later held Bogdanski in contempt for missing the two hearings, but she purged the contempt by refunding $1,000 in attorney fees to Phillips.

{¶ 11} Phillips filed a grievance with the Columbus Bar Association ("CBA"). The CBA requested that Bogdanski submit a response to the allegations in the grievance. Bogdanski missed the deadline to respond, but she later contacted the CBA, stating that she was unable to respond because a client had died and she had to go to the hospital for back problems. After being granted an extension of time, Bogdanski missed the next deadline, this time claiming that she had given her response to a friend to mail but the friend failed to mail it. She

missed a subsequent deadline because she forgot to drop off the response at the CBA. After the CBA finally received her response, it transferred the investigation to relator.

{¶ 12} Relator also sent Bogdanski a letter requesting further information and documentation. Although Bogdanski told relator that she had responded to the letter, relator never received a written response. In addition, Bogdanski failed to appear for two depositions noticed by relator, even though she had earlier said that she was available and would appear for the second deposition.

{¶ 13} Based on these findings of fact, we agree with the panel and board that Bogdanski's conduct violated Prof.Cond.R. 1.1 (requiring a lawyer to provide competent representation to a client), 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(a)(3)[3] (requiring a lawyer to keep the client reasonably informed about the status of a matter), 1.4(a)(4) (requiring a lawyer to comply as soon as practicable with reasonable requests for information from the client), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), 8.4(d), and 8.4(h) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate with a disciplinary investigation).

{¶ 14} Relator requested and the board recommends dismissal of the charge under Prof.Cond.R. 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional liability insurance) because the record demonstrates that Bogdanski was covered by malpractice insurance at the time she represented Phillips. We adopt the board's recommendation and hereby dismiss this charge.

---

3. Relator charged Bogdanski with violating "Rule 1.4(a) (a lawyer shall keep the client reasonably informed about the status of the matter)," and the board found a violation of the same section of the rule. There are five subsections to Prof.Cond.R. 1.4(a), and we find that relator's and the board's description of the charged misconduct specifically matches the misconduct described in Prof.Cond.R. 1.4(a)(3), rather than Prof.Cond.R. 1.4(a) generally.

Count III—Amanda Leonard Matter

{¶ 15} In October 2010, Amanda Leonard was considering filing for divorce and met with Bogdanski. Similar to her representation of Phillips, Bogdanski's representation of Leonard was incompetent, neglectful, and prejudicial to her client's interests, and Bogdanski continued her pattern of excuse-making.

{¶ 16} Specifically, on May 24, 2011, Leonard, after communicating with Bogdanski for months about the possibility of a divorce, instructed her to file the divorce complaint. Leonard also informed Bogdanski that she intended to file for bankruptcy. Neither at that moment, nor at any other time during her representation of Leonard, did Bogdanski inform her client that if she filed bankruptcy while her divorce case was pending, the divorce case would be placed on an automatic stay pending the completion of the bankruptcy case.

{¶ 17} Six days later, Leonard sent Bogdanski an e-mail repeating her wish to file the divorce complaint. On the following day, May 31, 2011, Bogdanski replied through e-mail, apologizing for not responding earlier and explaining that she was "actually in Pennsylvania" attending to her sick grandmother. Bogdanski was not "actually" in Pennsylvania at that time, however, because she appeared in court on behalf of Heather Phillips on that day in Union County, Ohio.

{¶ 18} In August 2011, Bogdanski finally filed the divorce complaint, and because the divorce was uncontested, the court scheduled a final hearing for November. Despite the fact that Bogdanski e-mailed her client in the days preceding the scheduled hearing, she failed to appear in court. Bogdanski later said that she had missed the hearing because her car slid off the road in a rain storm and her cell phone had no signal. The court rescheduled the hearing for January 3, 2012, and, again, despite Bogdanski's prior e-mail communications

with Leonard about the hearing, Bogdanski did not appear in court. At this point, Leonard proceeded with the hearing, acting pro se.

{¶ 19} Bogdanski later made excuses for why she missed the second hearing and offered Leonard a refund of her attorney fees. She also told Leonard that she would appear at the next scheduled hearing. But Bogdanski failed to appear for the third hearing, and Leonard never received the promised refund.

{¶ 20} Leonard's divorce case was ultimately stayed because of her separate bankruptcy case, and, at the time of the board hearing below, Leonard's uncontested divorce had not yet been completed. Leonard claims that she would not have filed for bankruptcy if she had known that it would stay her divorce proceeding. Finally, Bogdanski's professional liability insurance lapsed in September 2011, but she never discussed insurance with Leonard or asked her to sign a "notice to client," as required by Prof.Cond.R. 1.4(c).

{¶ 21} Based on these findings of fact, we agree with the panel and board that Bogdanski's conduct violated Prof.Cond.R. 1.1, 1.3, 1.4(b) (requiring a lawyer to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), 1.4(c), 8.4(c), 8.4(d), and 8.4(h).

### Sanction

{¶ 22} When imposing sanctions for attorney misconduct, we consider several relevant factors, including the ethical duties violated, the actual injuries caused, the existence of any aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B), and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16; *Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.

{¶ 23} We have already identified Bogdanski's ethical breaches to her clients and the legal profession, as well as the injuries she caused to her clients.

The board found only one mitigating factor—Bogdanski's absence of a disciplinary record. *See* BCGD Proc.Reg. 10(B)(2)(a). However, the board acknowledged the testimony of Jonathan E. Coughlan, disciplinary counsel, who stated that Bogdanski had suggested to him that she suffered from mental-health issues. We also note that disciplinary counsel testified that Bogdanski told him that she had "issues about prior drug use."

**{¶ 24}** As to aggravating factors, the board found that Bogdanski displayed a dishonest or selfish motive, engaged in a pattern of misconduct, committed multiple offenses, failed to cooperate in the disciplinary process, engaged in deceptive practices during the disciplinary process, refused to acknowledge the wrongful nature of her conduct, harmed her vulnerable clients, and refused to make restitution to Leonard. *See* BCGD Proc.Reg. 10(B)(1)(b), (c), (d), (e), (f), (g), (h), and (i). We agree with the board's findings regarding the relevant mitigating and aggravating factors.

**{¶ 25}** For precedent, we have previously recognized that "an attorney's neglect of legal matters and failure to cooperate in the ensuing disciplinary investigation warrant an indefinite suspension." *Disciplinary Counsel v. Mathewson*, 113 Ohio St.3d 365, 2007-Ohio-2076, 865 N.E.2d 891, ¶ 19; *see also Disciplinary Counsel v. Hoff*, 124 Ohio St.3d 269, 2010-Ohio-136, 921 N.E.2d 636, ¶ 10. "Moreover, when these infractions are coupled with dishonesty in any form, an indefinite suspension is all but guaranteed." *Disciplinary Counsel v. Golden*, 97 Ohio St.3d 230, 2002-Ohio-5934, 778 N.E.2d 564, ¶ 23. Here, Bogdanski did not simply neglect her clients, she abandoned them. She also engaged in acts of dishonesty, and rather than acknowledging the wrongful nature of her conduct or cooperating in the ensuing disciplinary investigation, she instead chose to explain her misconduct with suspect excuses.

**{¶ 26}** Accordingly, having reviewed the record and the aggravating and mitigating factors, and having considered the sanctions previously imposed for

comparable conduct, we adopt the board's recommended sanction of an indefinite suspension, with conditions on reinstatement. Therefore, April Marie Bogdanski is indefinitely suspended from the practice of law in the state of Ohio. Prior to applying for reinstatement, Bogdanski must demonstrate that she has (1) refunded $945 in attorney fees to Leonard, (2) contacted the Ohio Lawyers Assistance Program ("OLAP") or a health-care professional designated or approved by relator, completed a substance-abuse and mental-health evaluation, and complied with the recommendations of OLAP or the designated health-care professional, and (3) not committed any further misconduct during the period of suspension. Costs are taxed to Bogdanski.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, Chief Assistant Disciplinary Counsel, for relator.

April M. Bogdanski, pro se.

_____