**2013–0293. James Navratil Dev. Co. v. Medina Cty. Bd. of Revision.**
Board of Tax Appeals, No. 2010–A–3331. This cause is pending before the court as an appeal from the Board of Tax Appeals.

It is ordered by the court that appellees show cause in writing within 14 days of the date of this order why the Board of Tax Appeals' decision in this case should not be reversed and the case remanded for further proceedings on the authority of *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision,* —— Ohio St.3d ——, 2013-Ohio-4627, —— N.E.2d ——.

**2013–1820. In re A.C.**
Cuyahoga App. Nos. 99764, 99765, 99766, 99767, 99768, and 99769, 2013-Ohio-4377. This cause is pending before the court as a jurisdictional appeal involving termination of parental rights.

It is ordered by the court, sua sponte, that appellee's memorandum in response to jurisdiction is stricken as untimely pursuant to S.Ct.Prac.R. 7.03(A)(2).

# CASE ANNOUNCEMENTS

*December 17, 2013*

[Cite as *12/17/2013 Case Announcements,* 2013-Ohio-5501.]

## MOTION AND PROCEDURAL RULINGS

**2005–0569. In re Application of Olterman.**
This cause came on for further consideration upon the filing of a motion to seal the record by applicant, William Olterman, on October 29, 2013. On consideration thereof, it is ordered by this court that the motion is denied.

LANZINGER and O'NEILL, JJ., dissent.

## DISCIPLINARY CASES

**2013–0312. Disciplinary Counsel v. Rammelsberg.**
The Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio filed a certification of default in the office of the clerk of this court. On March 22, 2013, this court imposed an interim default-judgment suspension upon respondent, Sharri Una Rammelsberg, pursuant to Gov.Bar R. V(6a)(B)(1). Respondent was ordered to show cause why the interim default-judgment suspension should not be converted into an indefinite suspension. Respondent filed objections, relator filed an answer, and this cause was considered by the court.

On consideration thereof, it is ordered by this court that this matter is remanded to the board for further proceedings under Gov.Bar R. V(6), including a formal hearing on relator's complaint.

The court further orders that the interim default-judgment suspension imposed against respondent on March 22, 2013, shall remain in place while this matter is pending before the board. Proceedings before this court in this case are stayed until further order of this court.

O'DONNELL and KENNEDY, JJ., would remand for consideration of mitigation evidence only.