DISCIPLINARY COUNSEL *v*. RAMMELSBERG.

[Cite as *Disciplinary Counsel v. Rammelsberg,*
143 Ohio St.3d 381, 2015-Ohio-2024.]

(No. 2013–0312—Submitted January 14, 2015—Decided May 28, 2015.)

---

**Per Curiam.**

{¶ 1} Respondent, Sharri Una Rammelsberg of Cincinnati, Ohio, Attorney Registration No. 0058478, was admitted to the practice of law in Ohio in 1992. On December 2, 2005, we suspended Rammelsberg from the practice of law in Ohio for her failure to register as an attorney for the 2005 to 2007 biennium. *In re Attorney Registration Suspension of Rammelsberg,* 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671. We reinstated her to the practice of law on December 29, 2005. *In re Reinstatement of Rammelsberg,* 108 Ohio St.3d 1428, 2006-Ohio-378, 841 N.E.2d 790. She has been registered as an inactive attorney since October 28, 2013.

{¶ 2} On December 10, 2012, a probable-cause panel of the Board of Commissioners on Grievances and Discipline[1] certified a complaint submitted by relator, disciplinary counsel, to the full board. The complaint alleged that Rammelsberg

---

1. Effective January 1, 2015, the Board of Commissioners on Grievances and Discipline has been renamed the Board of Professional Conduct. *See* Gov.Bar R. V(1)(A), 140 Ohio St.3d CII.

had overdrawn her client trust account on two separate occasions, that she had not fully cooperated in relator's investigation, and that she had knowingly made a false statement during the investigation. Rammelsberg did not answer the complaint, and the board certified her default to this court on February 20, 2013. We imposed an interim default suspension on March 22, 2013. *Disciplinary Counsel v. Rammelsberg*, 134 Ohio St.3d 1502, 2013-Ohio-1054, 984 N.E.2d 1097.

{¶ 3} In September 2013, we issued an order to show cause why Rammelsberg's interim default suspension should not be converted into an indefinite suspension. Rammelsberg objected to the show-cause order, and we remanded the case to the board for further proceedings. *Disciplinary Counsel v. Rammelsberg*, 137 Ohio St.3d 1435, 2013-Ohio-5501, 998 N.E.2d 1188.

{¶ 4} On remand, the parties submitted joint stipulations of fact, violations, and aggravating and mitigating factors and agreed that Rammelsberg should be indefinitely suspended from the practice of law. The panel appointed to hear the matter found that relator had proven the charged misconduct by clear and convincing evidence, with the exception of one violation that relator had agreed to dismiss. The panel recommended that Rammelsberg be indefinitely suspended from the practice of law with credit for time served during her interim default suspension. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction.

{¶ 5} We adopt the board's findings of fact and misconduct and indefinitely suspend Rammelsberg from the practice of law in Ohio, but we decline to give her credit for the time served under her interim default suspension.

## Misconduct

{¶ 6} The parties stipulated and the board found that relator received two notices from Fifth Third Bank stating that Rammelsberg's client trust account contained insufficient funds. Rammelsberg did not respond to relator's initial letters of inquiry, and when she finally did respond, she falsely stated that she had closed one of her two client trust accounts and that money orders she had deposited into her client trust account to cover a check had not yet cleared her account when the payee attempted to negotiate her check. The only records she produced to relator were a single noncompliant client ledger, a firm journal with no entries, and a disbursement sheet on which the purported recipient's signature had been forged.

{¶ 7} Rammelsberg admitted that she twice failed to appear for depositions scheduled by relator and that although she appeared for a third scheduled deposition, she failed to produce the documents that relator had requested regarding her management of trust assets worth approximately $100,000. She also failed to respond to relator's notice of intent to file a formal disciplinary

complaint, failed to answer the complaint, and did not respond to this court's order to show cause why an interim default suspension should not be imposed.

{¶ 8} The parties stipulated and the board found that Rammelsberg's conduct, summarized above, violated Prof.Cond.R. 1.15(a)(2) (requiring a lawyer to maintain a record for each client that sets forth the name of the client; the date, amount, and source of all funds received on behalf of the client; the date, amount, payee, and purpose of each disbursement made on behalf of the client; and the current balance for each client), 1.15(a)(3) (requiring a lawyer to maintain a record for the lawyer's client trust account setting forth the name of the account, the date, amount, and client affected by each credit and debit, and the balance in the account), 8.1(a) (prohibiting knowingly making a false statement of material fact in connection with a disciplinary matter), 8.1(b) (prohibiting a lawyer from knowingly failing to respond to a demand for information by a disciplinary authority during an investigation), 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and Gov.Bar R. V(4)(G) (now Gov.Bar R. V(9)(G)) (requiring a lawyer to cooperate with a disciplinary investigation). The parties and board recommend that we dismiss an alleged violation of Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) that relator agreed to dismiss.

{¶ 9} We adopt the board's findings of fact and misconduct and hereby dismiss the alleged violation of Prof.Cond.R. 8.4(h).

### Sanction

{¶ 10} When imposing sanctions for attorney misconduct, we consider relevant factors, including the ethical duties that the lawyer violated and the sanctions imposed in similar cases. *Stark Cty. Bar Assn. v. Buttacavoli*, 96 Ohio St.3d 424, 2002-Ohio-4743, 775 N.E.2d 818, ¶ 16. In making a final determination, we also weigh evidence of the aggravating and mitigating factors listed in BCGD Proc. Reg. 10(B). *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21.[2]

{¶ 11} The board adopted the parties' stipulated factors in aggravation, including Rammelsberg's prior attorney-registration suspension, her multiple offenses, and her failure to cooperate in relator's investigation or the disciplinary process. *See* BCGD Proc.Reg. 10(B)(1)(a), (d), and (e). In mitigation, the board found that Rammelsberg submitted four letters, including one from her mother and one from her aunt, attesting to her character and reputation. Rammelsberg's

---

2. Effective January 1, 2015, the aggravating and mitigating factors previously set forth in BCGD Proc.Reg. 10(B)(1) and (2) are codified in Gov.Bar R. V(13), 140 Ohio St.3d CXXIV.

husband passed away in August 2012, and in May 2014, Rammelsberg entered into a two-year contract with the Ohio Lawyers Assistance Program ("OLAP"). Although the panel held the record open for three weeks so that she could submit additional medical reports or treatment plans, she did not provide additional documentation, and the board did not find her mental-health issues to be a mitigating factor.

{¶ 12} The parties stipulated that the appropriate sanction for Rammelsberg's misconduct is an indefinite suspension and that her reinstatement should be conditioned on (1) her full and complete cooperation with relator and her providing the documents and information requested in relator's May 16, 2012 letter to her, (2) her compliance with all treatment recommendations made by OLAP, and (3) her compliance with all treatment recommendations of her current therapist or other mental-health professional.

{¶ 13} The parties did not provide legal precedent for their proposed sanction, and the board noted that standing alone, the trust-account violations would most likely result in the imposition of a stayed term suspension. But noting that Rammelsberg knowingly failed to cooperate in the disciplinary investigation, failed to respond to relator's demands for information, and made false statements to relator during the investigation, the board found that she had shown a pattern of disregard for the disciplinary process that required a more severe sanction.

{¶ 14} The board noted that this court has imposed indefinite suspensions on attorneys who have failed to cooperate in disciplinary investigations. *E.g.*, *Cincinnati Bar Assn. v. Alsfelder*, 138 Ohio St.3d 333, 2014-Ohio-870, 6 N.E.3d 1162; *Disciplinary Counsel v. Bogdanski*, 135 Ohio St.3d 235, 2013-Ohio-398, 985 N.E.2d 1251; *Cleveland Metro. Bar Assn. v. Lemieux*, 139 Ohio St.3d 320, 2014-Ohio-2127, 11 N.E.3d 1157; *Disciplinary Counsel v. Weiss*, 133 Ohio St.3d 236, 2012-Ohio-4564, 977 N.E.2d 636; and *Disciplinary Counsel v. Scacchetti*, 131 Ohio St.3d 165, 2012-Ohio-223, 962 N.E.2d 786.

{¶ 15} The board also noted that we have indefinitely suspended attorneys who engaged in misconduct comparable to Rammelsberg's misconduct. *E.g.*, *Cleveland Metro. Bar Assn. v. Wrentmore*, 138 Ohio St.3d 16, 2013-Ohio-5041, 3 N.E.3d 149 (imposing an indefinite suspension on an attorney who deposited court-cost refunds into his personal account and kept a portion of the cash, knowingly made a false statement of material fact in connection with a disciplinary matter, and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation); *Columbus Bar Assn. v. Peden*, 134 Ohio St.3d 579, 2012-Ohio-5766, 984 N.E.2d 1 (indefinitely suspending an attorney who overdrew his client trust account, deposited client funds into his operating account, neglected several client matters, failed to advise his clients that he did not carry profession-

al liability insurance, and failed to cooperate in the resulting disciplinary investigation).

{¶ 16} Therefore, the board adopted the parties' stipulated sanction of an indefinite suspension, with reinstatement conditioned on her full cooperation with relator's request for production of documents and compliance with the treatment recommendations of OLAP and her treating mental-health professionals. But the board also recommends that we credit Rammelsberg for the time served under her March 22, 2013 interim default suspension.

{¶ 17} We agree that an indefinite suspension is the appropriate sanction for Rammelsberg's misconduct; however, we decline to grant her credit for the time served under her interim default suspension.

{¶ 18} Accordingly, we indefinitely suspend Sharri Una Rammelsberg from the practice of law in Ohio and condition her reinstatement on her compliance with relator's requests for the production of documents and information and her full compliance with any treatment recommendations made by OLAP, her therapist, or any other mental-health professionals. Costs are taxed to Rammelsberg.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

———

Scott J. Drexel, Disciplinary Counsel, and Karen H. Osmond, Assistant Disciplinary Counsel, for relator.

William B. Strubbe, for respondent.