[Cite as *Fed. Natl. Mtge. Assn. v. Ford*, 2016-Ohio-919.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102395**

## FEDERAL NATIONAL MORTGAGE ASSOCIATION

PLAINTIFF-APPELLEE

vs.

## STANLEY FORD, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-11-760032

**BEFORE:** Kilbane, J., Jones, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 10, 2016

**ATTORNEYS FOR APPELLANT**

Marc E. Dann
William C. Behrens
Grace M. Doberdruk
Paul Bellamy
The Dann Law Firm Co., L.P.A.
P.O. Box 6031040
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

**For Federal National Mortgage Association**

Eric T. Deighton
Richard J. Feuerman
Carlisle McNellie Rini Kramer & Ulrich, Co., L.P.A.
24755 Chargin Boulevard, Suite 200
Cleveland, Ohio 44122

**Also Listed**

**For State of Ohio Department of Taxation**

Kenneth Boukis
Hohmann Boukis & Curtis Co., L.P.A.
The Rockefeller Building
614 W. Superior Avenue, Suite 601
Cleveland, Ohio     44113

Joseph T. Chapman
Collections Enforcement
150 East Gay Street, 21st Floor
Columbus, Ohio 43215

*Continued on page -ii-*

**For The United States of America**

Marlon A. Primes
Assistant United States Attorney
U.S. Courthouse, Suite 400
801 West Superior Avenue
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Stanley Ford ("Ford"), appeals from the trial court's judgment adopting the magistrate's decision granting summary judgment in the foreclosure action brought by Federal National Mortgage Association ("Federal"). For the reasons set forth below, we reverse and remand the matter for further proceedings consistent with this opinion.

{¶2} In July 2011, Federal filed a foreclosure action against Ford, alleging that he is in default on a mortgage and note for his home in Bedford Heights, Ohio. Federal alleged that "it has performed all of the conditions precedent required to be performed by it." Federal further alleged that Ford owes it $57,634.57, plus interest and late charges from April 25, 2009. In support of its complaint, Federal attached, as exhibits, a copy of the promissory note, mortgage, preliminary judicial report, and notice of tax lien. Federal also attached to its complaint a copy of the notice of debt as required under the Fair Debt Collection Practices Act, but did not attach a copy of the notice of acceleration.

{¶3} In response to the complaint, Ford, pro se, filed a motion to dismiss for failure to state a claim. Ford alleges that Federal did not comply with the terms of the agreement by failing to give him 30 days notice of its intention to accelerate the payments

on the mortgage prior to commencing the foreclosure action. The trial court denied Ford's motion to dismiss, finding that Federal's complaint adequately stated a cause of action. Ford then filed his answer and counterclaim.

{¶4} The parties proceeded with discovery. In November 2012, Federal filed its motion for summary judgment. In support of its motion, Federal attached an affidavit and Ford's responses to Federal's first set of request for admissions, interrogatories, and request for production of documents. The affidavit is from a foreclosure specialist for Federal's loan servicing contractor. This affiant averred that Federal examined the loan and associated documents. Federal accelerated the loan after it performed all of the prerequisites required under the note and mortgage necessary to accelerate the balance due. Having examined Ford's loan history, the affiant averred that Ford was in default because no payments had been made on the loan since May 2009. The affiant stated that Ford owes "the principal balance of $57,634.47, plus interest at the rate of 7.25% per annum from April 25, 2009 until paid, plus late charges and, pursuant to the mortgage, all sums advanced for the payment of real estate taxes and assessments, insurance premiums and property protection." Ford opposed Federal's motion and filed an objection, seeking to strike the exhibits attached to Federal's summary judgment. According to Ford, Federal failed to attach any documents supporting the affidavit.

{¶5} In February 2014, the magistrate issued a decision granting Federal's motion for summary judgment. Ford objected to the magistrate's decision, arguing Federal lacked jurisdiction, Federal is not the holder in due course, and Federal lacks standing to

file the foreclosure action. In December 2014, the trial court overruled Ford's objections and adopted the magistrate's decision.[1] It is from this order that Ford appeals, assigning the following two assignments of error for review, which shall be discussed together.

### Assignment of Error One

It was error for the trial court to grant summary judgment in favor of [Federal] where the note and mortgage contract contained explicit condition precedent requirements for [Federal] to issue a notice of default to [Ford]; the failure to provide such notice was raised by [Ford] in both his motion to dismiss the complaint and in his answer; and the putative notice of default itself was not attached to the motion for summary judgment, nor produced at any other stage of the proceedings below.

### Assignment of Error Two

It was error for the trial court to sustain a motion for summary judgment where: [Federal] failed to demonstrate that [Ford] was in default and failed to prove the amount of principal and interest due on the note and mortgage.

{¶6} Within these assigned errors, Ford challenges the trial court's grant of summary judgment in Federal's favor. We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to

---

[1]On January 23, 2015, the trial court granted Ford's motion to stay the sheriff's sale and waiver of supersedeas bond.

judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264.

{¶7} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶8} To prevail on a motion for summary judgment claim in a foreclosure action, the plaintiff must prove:

(1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.

*Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 17.

{¶9} In the instant case, Ford did not include in his objections to the magistrate decision that Federal failed to comply with condition precedent requirements to issue a

notice of default and also failed to demonstrate the amount he was in default. We note that Civ.R. 53 imposes an affirmative duty on parties to submit timely, specific, written objections to the trial court, identifying any error of fact or law in the magistrate's decision. *Hameed v. Rhoades*, 8th Dist. Cuyahoga No. 94267, 2010-Ohio-4894, ¶ 14. Civ.R. 53(D)(3)(b)(iv) provides:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

**{¶10}** As a result, Ford has waived all but plain error. *Huntington Natl. Bank v. Blount*, 8th Dist. Cuyahoga No. 98514, 2013-Ohio-3128, ¶ 10, citing *Morgan Stanley Credit Corp. v. Fillinger*, 2012-Ohio-4295, 979 N.E.2d 362 (8th Dist.2012); *Fannie Mae v. Hicks*, 8th Dist. Cuyahoga No. 102079, 2015-Ohio-1955.

**{¶11}** When applying the plain error doctrine in the civil context, the Ohio Supreme Court has stated that reviewing courts "must proceed with the utmost caution." *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 121, 1997-Ohio-401, 679 N.E.2d 1099. The doctrine is limited to those "extremely rare cases" in which "exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a materially adverse effect on the character of, and public confidence in, judicial proceedings." *Id.* Therefore, we consider the trial court's judgment applying the plain error standard of review.

**{¶12}** Ford contends that summary judgment is improper because Federal failed to attach a copy of the dated notice of default and payment history to its motion in violation of Civ.R. 56(E). Civ.R. 56(E) sets forth the requirements for affidavits submitted with motions for summary judgment. It provides in relevant part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. *Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.* * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

(Emphasis added.)

**{¶13}** We find the instant case analogous to *Third Fed. S&L Assn. of Cleveland v. Farno,* 12th Dist. Warren No. CA 2012-04-028, 2012-Ohio-5245. In *Farno*, the lender attached an affidavit from one of its legal analysts to its motion for summary judgment. The affiant averred that it reviewed the loan documents, the homeowner was in default, and the lender had performed all of the prerequisites required under the note and mortgage necessary to accelerate the balance due. *Id.* at ¶ 9. The homeowner moved to strike the lender's affidavit. *Id.* at ¶ 4. On appeal, the homeowner argued that three paragraphs in the lender's affidavit should have been stricken from the record because of the lack of supporting documentation, and the trial court's grant of summary judgment was improper. The *Farno* court agreed with the homeowner, finding that the lender

failed to satisfy its initial burden for summary judgment when the last three paragraphs of the lender's affidavit were stricken and none of the pertinent material was provided in the record to the trial court. *Id.* at ¶ 13.

{¶14} The *Farno* court noted that the lender "indicated it reviewed documents pertaining to the loan history and evidence of payment default, but no documents or portions of documents relative to those matters were attached or served with the affidavit, or for that matter, found anywhere in the record." *Id.* at ¶ 9. The court found that

> paragraphs five, six, and seven of [the lender's] affidavit should have been stricken because its summary judgment motion was not supported as provided in Civ.R. 56(E), when no documentation referenced in those portions of the affidavit were attached to or served with the affidavit to show default of payment and payment history. *See* Civ.R. 56; *see Cincinnati Bar Assn. v. Newman*, 124 Ohio St.3d 505, 2010-Ohio-928, ¶ 7, 924 N.E.2d 359 (requirement of Civ.R. 56[E] that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions); *see State ex rel. Varnau v. Wenninger*, 12th Dist. [Brown] No. CA2009-02-010, 2011-Ohio-3904, ¶ 10 (striking portions of affidavit where documents were reviewed and relied upon in drafting affidavit, but not attached to affidavit or served therewith).

*Farno* at ¶ 10.

{¶15} The court acknowledged that its holding

> does not suggest that [the lender] was required to attach every document in its file on [the homeowner's] note, but [the lender] needed to attach or serve with its affidavit some document or documents material to the issues in this case, to wit, the default in payment and applicable portions of the payment history.

*Id.* at ¶ 11, citing *Countrywide Home Loans, Inc. v. Rodriguez*, 9th Dist. Lorain Nos. 03CA008345, 03CA008417, 2004-Ohio-4723 (affiant attested to true record of payments

on homeowner's account and attached to affidavit document chronicling the payment history on the account).

{¶16} Likewise, in the instant case, none of the documents referenced in Federal's affidavit were attached to its summary judgment motion. The only document Federal attached was Ford's responses to Federal's first set of request for admissions, interrogatories, and request for production of documents. Federal did not attach the note or mortgage (although the affiant references those documents as attached to the complaint); there are no documents to support the contention that all of the prerequisites required under the note and mortgage necessary to accelerate the balance due on the note have been performed; there is no loan history or relevant portions of loan histories attached to the motion evidencing the sums allegedly owed by Ford; and there is no documentary evidence to support the claim concerning late fees or advances on the loan. *See Nationstar Mtge., L.LC. v. Wagener*, 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289 (summary judgment was proper when the bank attached to its summary judgment motion copies of the note, the mortgage, the assignments, the notice of intent to accelerate the loan, two notices advising homeowners that the servicing of their mortgage loan was being transferred, and the payment history for the loan by reference into his affidavit); *RBS Citizens, N.A. v. Krasnov*, 8th Dist. Cuyahoga No. 100992, 2014-Ohio-4217 (summary judgment was proper when the bank attached to its summary judgment motion copies of the original note and mortgage, and affidavit of its foreclosure specialist); *Deutsche Bank Natl. Trust Co.*, 8th Dist. Cuyahoga No. 98502,

2013-Ohio-1657 (summary judgment was proper when the bank attached to its summary judgment motion the affidavit of the bank's representative, copies of the unendorsed note, the note endorsed in blank, the mortgage, the assignment of mortgage, selected pages from the payoff statement for the homeowner's loan, and various notices of acceleration and default for the loan.)

{¶17} The dissent, relying on *Chase Bank USA, NA v. Lopez*, 8th Dist, Cuyahoga No. 91480, 2008-Ohio-6000, maintains that Ford has waived any error with respect to Federal's affidavit in support of its motion for summary judgment. *Chase*, however, is distinguishable from the matter before us.

{¶18} In *Chase*, Chase sued Lopez for money he owed on a credit card account. In support of its motion for summary judgment, Chase attached the card member agreement, the affidavit of Chase's custodian of records, and 11 monthly statements addressed to Lopez, reflecting a $14,388.97 balance. *Id.* at ¶ 5. On appeal, Lopez argued for the first time, that the affidavit Chase attached to its motion for summary judgment did not meet the requirements of Civ.R. 56(E). *Id.* at ¶ 16. This court found that Lopez could not raise this argument for the first time on appeal because this issue was not raised in the trial court. *Id.*, citing *Republic Steel Corp. v. Bd. of Revision*, 175 Ohio St.179, 192 N.E.2d 47 (1963), syllabus.

{¶19} Unlike in *Chase*, in the instant case, Federal did not attach any of the documents referenced in its affidavit to its summary judgment motion. Furthermore, the procedural posture in *Chase* involved a motion for summary judgment in a credit account

action proceeding solely before the trial court. Whereas, the instant case involves a foreclosure action that proceeded before a magistrate and was subject to a magistrate's decision and objections prior to proceeding before the trial court. Therefore, *Chase* does not control the outcome of this matter.

{¶20} Based on the record before us, it was plain error for the trial court to award summary judgment to Federal without Federal providing the documents necessary to substantiate: (1) that the required prerequisites under the note and mortgage were performed in order to accelerate the balance due on the note; (2) the relevant loan history; and (3) the evidence to support the late fees. Therefore, summary judgment was not appropriate.

{¶21} Accordingly, the first and second assignments of error are sustained.

{¶22} Judgment reversed and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., A.J., CONCURS IN JUDGMENT ONLY;
MELODY J. STEWART, J., DISSENTS (SEE SEPARATE OPINION)


MELODY J. STEWART, J., DISSENTING:

**{¶23}** As the majority concedes, Ford did not object to the magistrate's decision to grant summary judgment on grounds that Federal failed to include in its motion proof that it complied with its contractual obligation to provide Ford with notice of his default. Ford's failure to object to Federal's affidavit filed in support of its motion for summary judgment waived any error. In *Chase Bank USA, NA v. Lopez*, 8th Dist. Cuyahoga No. 91480, 2008-Ohio-6000, we addressed this same issue and stated:

> Chase notes that Lopez, in his appellate briefs, raises for the first time the issue that the affidavit of John Wells, attached to its motion for summary judgment, did not meet the requirements of Civ.R. 56(E). We agree that because this issue was not raised in the trial court, Lopez cannot raise it for the first time on appeal. *Republic Steel Corp. v. Bd. of Revision*, 175 Ohio St. 179, 192 N.E.2d 47 (1963), at syllabus. Furthermore[,] "[f]ailure to move to strike or otherwise object to documentary evidence submitted by a party in support of, or in opposition to, a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C)." *Darner v. Richard E. Jacobs Group, Inc.*, 8th Dist. Cuyahoga No. 89611, 2008-Ohio-959, at ¶ 15.

*Id*. at ¶ 16.

**{¶24}** Even though the Ohio Supreme Court has made it clear in the context of a plain error analysis that the "failure to follow procedural rules can result in forfeiture of rights," *Goldfuss*, 79 Ohio St.3d 116, 122, 679 N.E.2d 1099 (1997), the majority nonetheless finds it was plain error for the court to grant summary judgment in the absence of evidentiary material showing that Federal gave notice of its intent to accelerate the debt in the wake of Ford's default.

**{¶25}** The majority fails to acknowledge that Federal's complaint contained a copy of the notice of default and acceleration of the note it provided to Ford. Civ.R. 56(C) states that summary judgment can be rendered if "the pleadings" show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ford offered no evidence to contradict the notice of default. When Ford answered the complaint, he raised the affirmative defense of "failure to comply with notice provisions," but he offered nothing to prove that affirmative defense in opposition to the motion for summary judgment. *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, syllabus ("A plaintiff or counterclaimant moving for summary judgment does not bear the initial burden of addressing the nonmoving party's affirmative defenses.").

**{¶26}** Because of waiver and a failure of proof, Ford has failed to show the existence of any error in this case. And to the extent that the majority finds plain error, it says nothing about why this is the "exceptional" case in which ignoring the error would result in a "manifest miscarriage of justice" and undermine the judicial process.

*Goldfuss,* 79 Ohio St.3d at 121. Apart from failing to prove his affirmative defense of the failure to comply with notice provisions, Ford has never offered evidence to dispute the amount that Federal claims he owes under the note. I would affirm the decision of the trial court.