CLEVELAND METROPOLITAN BAR ASSOCIATION *v.* KEALY.

[Cite as *Cleveland Metro. Bar Assn. v. Kealy*,

125 Ohio St.3d 238, 2010-Ohio-1554.]

*Attorneys at law — Misconduct — Multiple violations of the Disciplinary Rules —*

*Substantial mitigation — 18-month license suspension, partially stayed.*

(No. 2009-1535 — Submitted December 1, 2009 — Decided April 12, 2010.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and

Discipline of the Supreme Court, No. 08-075.

———————————

**Per Curiam**.

{¶ 1} Respondent, John C. Kealy of Cleveland, Ohio, Attorney Registration No. 0031331, has been admitted to the practice of law in Ohio since 1970. The Board of Commissioners on Grievances and Discipline recommends that we suspend respondent's license to practice law for 18 months, with six months stayed, based on its findings that he failed to carry out a contract of employment with Ben Davis and neglected several matters during the representation. Further, respondent failed to cooperate in relator's subsequent investigation and, in doing so, knowingly misrepresented certain facts. In addition, respondent improperly borrowed $20,000 from another client, John Krawulski, from whom he had obtained a power of attorney, and after Krawulski's death, he failed to disclose the loan in the inventory prepared while also serving as executor for Krawulski's estate. We accept the board's findings regarding this professional misconduct, but due to mitigating factors, we modify its recommended sanction to that recommended by the panel and impose an 18-month suspension with 12 months stayed.

**{¶ 2}** Relator, Cleveland Metropolitan Bar Association, charged respondent with violations of the Disciplinary Rules of the Code of Professional Responsibility, the Rules of Professional Conduct,[1] and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate in a disciplinary investigation). A panel of the Board of Commissioners on Grievances and Discipline heard the case, found that respondent had committed professional misconduct, and recommended an 18-month suspension with 12 months stayed. The board adopted the panel's findings but recommended an 18-month suspension with six months stayed.

## Misconduct

### *Count I: The Davis Matter*

**{¶ 3}** On May 6, 2000, Ben Davis was cited for causing an automobile accident involving another driver. On May 2, 2002, the United Services Auto Association ("USAA"), the other driver's insurance carrier, sued Davis on a subrogation claim, seeking to recover approximately $13,000 as a result of that accident. Respondent undertook Davis's representation and filed an answer and counterclaim. But the counterclaim alleged damages for injuries to Davis caused by the other driver, and respondent never joined the other driver as a party to that litigation. Additionally, he never responded to USAA's requests for admissions or to its motion to dismiss the counterclaim. And on January 16, 2003, respondent failed to appear for the final pretrial hearing. Thereafter, neither respondent nor Davis appeared for the scheduled trial on May 7, 2003, and as a result, the trial court entered a default judgment against Davis in the amount of $13,609.08.

---

1. Relator charged respondent with misconduct under applicable rules for acts occurring before and after February 1, 2007, the effective date of the Rules of Professional Conduct, which supersede the Code of Professional Responsibility. When both the former and current rules are cited for the same act, the allegation constitutes a single ethical violation. *Disciplinary Counsel v. Freeman*, 119 Ohio St.3d 330, 2008-Ohio-3836, 894 N.E.2d 31, ¶ 1, fn. 1.

**{¶ 4}** The board found by clear and convincing evidence that in failing to properly represent his client, respondent had violated 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice), 6-101(A)(3) (neglecting an entrusted legal matter), DR 7-101(A)(2) (intentionally failing to carry out a contract of employment with a client), and 7-101(A)(3) (intentionally prejudicing or damaging a client). We accept the board's findings as to this representation.

*Count II: Failure to Cooperate and Knowing Misrepresentation*

**{¶ 5}** In October 2007, an investigator for the Cleveland Metropolitan Bar Association interviewed respondent regarding the Davis matter. During that meeting, respondent told the investigator that he had never received notices of the pretrial or trial dates in the Davis case when, in fact, he had received written notices from the court.

**{¶ 6}** As a result of respondent's deception, the board found clear and convincing evidence that he had violated Gov.Bar R. V(4)(G) and Prof.Cond.R. 8.1(a) (knowingly making a false statement of material fact in connection with a disciplinary matter) and 8.4(h) (engaging in conduct adversely reflecting on the lawyer's fitness to practice law). We also accept these findings of the board.

*Count III: The Krawulski Matter*

**{¶ 7}** Respondent began representing John Krawulski in early 2002. In November 2003, Krawulski developed serious medical problems and signed a general power of attorney authorizing respondent to act for him. Krawulski also executed a last will and testament naming respondent as executor of his estate. On or about August 23, 2004, respondent and his wife borrowed $20,000 from Krawulski, evidenced by a promissory note agreeing to repay the loan. Respondent signed the check from Krawulski's account to himself and his wife under the durable power of attorney. Krawulski died on January 10, 2005, and on February 4, 2005, respondent filed an application in the Cuyahoga County Probate Court to administer Krawulski's estate. In the application, however,

respondent failed to disclose the $20,000 promissory note. On July 26, 2005, Krawulski's heirs filed a motion to remove respondent as the estate's executor. The next day, respondent filed an inventory and appraisal in connection with the estate and again failed to disclose the existence of the promissory note. Krawulski's heirs filed exceptions to the inventory and appraisal, and on September 1, 2005, respondent resigned as executor of the estate. The administrator of the Krawulski estate subsequently filed a complaint in probate court against respondent alleging breach of fiduciary duty and seeking an accounting. The new executor filed suit against respondent in the Cuyahoga County Court of Common Pleas, alleging breach of fiduciary duty and negligence. Respondent and the estate ultimately settled both complaints for $45,000.

{¶ 8} As a consequence of violating his fiduciary duties as attorney and executor of Krawulski's estate, the board found clear and convincing evidence that respondent had violated DR 1-102)(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(5), and 5-104(A) (entering into a business transaction with a client when the lawyer and client have differing interests). We accept these findings.

### Sanction

{¶ 9} Respondent does not object to the board's findings, but seeks a lesser sanction. Relator had initially recommended an 18-month suspension with 12 months stayed, but now seeks an 18-month suspension with six months stayed, in accord with the board's recommendation.

{¶ 10} Respondent has breached duties to his clients and to the public. In determining the appropriate sanction for attorney misconduct, "we consider the duties violated, the actual or potential injury caused, the attorney's mental state, the existence of aggravating or mitigating circumstances, and sanctions imposed in similar cases." *Stark Cty. Bar Assn. v. Ake*, 111 Ohio St.3d 266, 2006-Ohio-

5704, 855 N.E.2d 1206, ¶ 44.  We weigh the aggravating and mitigating factors to decide whether circumstances warrant a more lenient or exacting disposition.  See Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg").  Because each disciplinary case involves unique facts and circumstances, we are not limited to the factors specified in the rule and may take into account "all relevant factors" in determining which sanction to impose.  Id.

*Aggravating and Mitigating Factors*

**{¶ 11}** In recommending a sanction for respondent's misconduct, the board weighed the aggravating and mitigating factors listed in BCGD Proc.Reg. 10(B).

**{¶ 12}** Regarding aggravating factors, the board determined that respondent engaged in a pattern of misconduct and that he refused to completely acknowledge the wrongfulness of his conduct (although he admitted to engaging in the actions that form the basis of the misconduct).  BCGD Proc.Reg. 10(B)(1)(c) and (g).  The board also found troubling the fact that he was not initially forthcoming in the investigation of his ethical infractions and that he caused actual harm to his clients.  BCGD Proc.Reg. 10(B)(1)(e) and (h).

**{¶ 13}** Regarding mitigating factors, the board noted that respondent was 64 years old at the time of the hearing, had been admitted to the practice of law in 1970, and has not been subject to any prior discipline.  BCGD Proc.Reg. 10(B)(2)(a).  Additionally, the board noted that respondent has been active with the local legal aid society for 25 years and does a "staggering amount" of pro bono work.  BCGD Proc.Reg. 10(B)(2)(e).  It noted that respondent is also active in his community, with a long history of volunteer work for his church, local charities, and other organizations.  Id.

**{¶ 14}** We accept the board's findings as to the aggravating and mitigating factors.

*Sanctions Imposed in Similar Cases*

**{¶ 15}** We have considered sanctions in cases similar to that of the respondent. In *Cincinnati Bar Assn. v. Larson*, 124 Ohio St.3d 249, 2009-Ohio-6766, 921 N.E.2d 618, we imposed a two-year suspension with the last year stayed on conditions, where an attorney had engaged in misleading one client about the status of her driver's license suspension and other traffic citations, failed to perform his duties as counsel for that client and two others, failed to return unearned fees to all three of these clients, and failed to cooperate in two of the ensuing disciplinary investigations. Id. at ¶ 2. As aggravating factors, we accepted the board's findings that the attorney had engaged in a pattern of misconduct and had caused all three clients harm, had failed to respond during relator's investigations until compelled by subpoena, and did not fully accept responsibility for his misconduct. Id. at ¶ 41. As mitigating factors, we accepted the board's findings that the attorney had no prior disciplinary record, that he had a debilitating sleep disorder, and that he had received favorable character and competence assessments by three judges. Id. at ¶ 20.

**{¶ 16}** In *Toledo Bar Assn. v. Peters* (1999), 87 Ohio St.3d 348, 349, 721 N.E.2d 26, we suspended an attorney for 18 months with the final 12 months stayed on the condition that he submit to a monitoring program, based on neglect of an entrusted legal matter and commingling his client funds with his own. As mitigating factors, we accepted the board's findings that the attorney had not been previously disciplined by the court, had freely admitted his wrongdoing, and showed remorse for his misconduct. Id.

**{¶ 17}** In *Akron Bar Assn. v. Holder*, 102 Ohio St.3d 307, 2004-Ohio-2835, 810 N.E.2d 426, we suspended an attorney for two years, with 18 months stayed on the condition that the attorney engage in no further misconduct, based on the attorney's violations of 12 Disciplinary Rules, including DR 1-102(A)(4), and Gov.Bar R. V(4). As aggravating factors, the board found that the

attorney's client had been harmed by his misconduct and that he had acted entirely from selfish motives. Id. at ¶ 33. As mitigating factors, the board found that the attorney had practiced law for 37 years and had never before been disciplined for professional misconduct, that his misconduct was directed against only one client, and that he cooperated appropriately with the disciplinary investigation. Id. at ¶ 32. Although the Akron Bar Association sought the attorney's disbarment, we accepted the board's recommendation of a more lenient sanction, stating that the attorney's 37 discipline-free years of practice, in combination with the depth of remorse he expressed in the proceedings before the court, convinced us that he would not repeat his transgressions. (Holder did not live up to our expectations and was disbarred on December 27, 2006.)

{¶ 18} In *Akron Bar Assn. v. Markovich*, 117 Ohio St.3d 313, 2008-Ohio-862, 883 N.E.2d 1046, we suspended an attorney for one year with six months stayed, on conditions, for committing professional misconduct by, among other things, neglecting two clients' cases, helping a client violate a civil protection order, filing an unapproved dismissal entry, borrowing money from a client, and misusing his client trust account. Id. at ¶ 2. The board found one aggravating factor in the case – that the attorney had committed multiple offenses. As mitigating factors, the board found that the attorney had no previous disciplinary record, had made restitution, and had submitted recommendations as to his good character and reputation apart from the underlying conduct. Id. In accepting the board's findings, which we stated weighed in favor of leniency, we also noted that the attorney had acknowledged the wrongfulness of his conduct and had expressed genuine remorse.

### *Disposition*

{¶ 19} Based on a review of the aggravating and mitigating factors in this case, we conclude that respondent's misconduct warrants a sanction more severe than that imposed in *Markovich* but less exacting than that imposed in *Larson*.

While we recognize respondent's grievous misconduct, we note that he has worked in private practice for 39 years with no prior disciplinary record, has settled and paid all claims owed to his clients, thereby alleviating their loss, has provided extensive pro bono work with the Legal Aid Society for 25 years, and has volunteered for his church, charities, and other community organizations. This long history and other mitigating circumstances provide a basis to modify the board's recommended sanction to conform with what relator originally sought and what the panel recommended. Accordingly, respondent is suspended from the practice of law in the state of Ohio for 18 months, with 12 months stayed, on the condition that he commit no further misconduct. If respondent fails to comply with the terms of the stay, the stay will be lifted, and respondent will serve the full 18-month suspension.

{¶ 20} Costs are taxed to respondent.

Judgment accordingly.

PFEIFER, LUNDBERG STRATTON, O'DONNELL, and LANZINGER, JJ., concur.

MOYER, C.J.,[2] and O'CONNOR and CUPP, JJ., dissent.

————————————

**MOYER, C.J., dissenting.**

{¶ 21} I respectfully dissent from the majority decision in regard to the sanction imposed on respondent. Respondent neglected a client matter, resulting in a default judgment being entered against the client. He improperly obtained a loan from another client who had hired respondent to execute a last will and testament, a will that named respondent as executor of the estate. Both of these charges are serious in their own right, but respondent's misconduct is compounded by the pattern of dishonesty and deceit he exhibited. Respondent attempted to deceive the investigator from the Cleveland Metropolitan Bar

————————————

2. The late Chief Justice Thomas J. Moyer participated in the deliberations in, and the final resolution of, this case prior to his death.

Association who interviewed respondent about the client matter he neglected. In the other matter, respondent did not disclose the loan he received from the client when he applied for authority to administer the client's estate and again failed to disclose the client's loan to him in the inventory and appraisal of the estate.

**{¶ 22}** I conclude that due to the dishonesty displayed by the respondent, he should serve a more severe suspension than that imposed by the majority. The mitigating factors in this case do not warrant modifying the board's recommended sanction. I would therefore adopt the recommendation of the board and impose an 18-month suspension with six months stayed.

O'CONNOR and CUPP, JJ., concur in the foregoing opinion.

_____

R. Jeffrey Pollock and Erin K. Walsh, for relator.

Leonard A. Spremulli, for respondent.

_____