CINCINNATI BAR ASSOCIATION *v.* ALSFELDER.

[Cite as *Cincinnati Bar Assn. v. Alsfelder*,

130 Ohio St.3d 1201, 2011-Ohio-5514.]

(No. 2011-0625—Submitted September 7, 2011—Decided September 22, 2011.)

ON MOTION FOR IMPOSITION OF SANCTIONS.

_____

{¶ 1} This cause came on for further consideration pursuant to Cincinnati Bar Association's filing on July 15, 2011, of a motion for imposition of sanctions for Robert S. Alsfelder's failure to comply with the court's May 19, 2011 order. On July 28, 2011, Alsfelder, respondent, filed a motion to strike Cincinnati Bar Association's motion for imposition of sanctions.

{¶ 2} Upon consideration thereof, it is ordered by the court that the motion to impose sanctions is granted. Robert F. Alsfelder Jr., Attorney Registration No. 0014829, last known business in Cincinnati, Ohio, is hereby suspended from the practice of law in Ohio until proof is filed with this court that respondent has obeyed the May 19, 2011 order of this court and has complied with the subpoena duces tecum issued by the Board of Commissioners on Grievances and Discipline.

{¶ 3} It is further ordered that respondent's motion to strike is denied.

{¶ 4} It is further ordered that before entering into an employment, contractual, or consulting relationship with any attorney or law firm, respondent shall verify that the attorney or law firm has complied with the registration requirements of Gov.Bar R. V(8)(G)(3). If employed pursuant to Gov.Bar R. V(8)(G), respondent shall refrain from direct client contact except as provided in Gov.Bar R. V(8)(G)(1) and from receiving, disbursing, or otherwise handling any client trust funds or property.

{¶ 5} It is further ordered that, pursuant to Gov.Bar R. X(3)(G), respondent shall complete one credit hour of continuing legal education for each month, or portion of a month, of the suspension. As part of the total credit hours of continuing legal education required by Gov.Bar R. X(3)(G), respondent shall complete one credit hour of instruction related to professional conduct required by Gov.Bar R. X(3)(A)(1), for each six months, or portion of six months, of the suspension.

{¶ 6} It is further ordered that respondent shall not be reinstated to the practice of law in Ohio until (1) respondent complies with the requirements for reinstatement set forth in the Supreme Court Rules for the Government of the Bar of Ohio, (2) respondent complies with the Supreme Court Rules for the Government of the Bar of Ohio, (3) respondent complies with this and all other orders of the court, and (4) this court orders respondent reinstated.

{¶ 7} It is further ordered that respondent shall immediately:

{¶ 8} 1. Notify all clients being represented in pending matters and any co-counsel of respondent's suspension and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 9} 2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 10} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

**{¶ 11}** 4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties, of respondent's disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

**{¶ 12}** 5. Send all notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

**{¶ 13}** 6. File with the clerk of this court and with the Disciplinary Counsel an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the respondent may receive communications; and.

**{¶ 14}** 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

**{¶ 15}** It is further ordered that respondent shall keep the clerk, the Cincinnati Bar Association, and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

**{¶ 16}** It is further ordered, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings and further that unless clearly inapplicable, the Rules of Practice shall apply to these proceedings. All documents are subject to Sup.R. 44 through 47, which govern access to court records.

**{¶ 17}** It is further ordered, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Office of Attorney Services.

**{¶ 18}** It is further ordered that the clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made

as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____