**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Disciplinary Counsel v. Smith,* **Slip Opinion No. 2017-Ohio-8821.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-8821

DISCIPLINARY COUNSEL *v.* SMITH.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Disciplinary Counsel v. Smith,* Slip Opinion No. 2017-Ohio-8821.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct—18-month suspension with 12 months stayed on condition.*

(No. 2017-0487—Submitted May 3, 3017—Decided December 6, 2017.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2016-068.

_____

**Per Curiam.**

**{¶ 1}** Respondent, Samuel Ray Smith II, of Cleveland, Ohio, Attorney Registration No. 0076242, was admitted to the practice of law in Ohio in 2003.  On November 28, 2016, relator, disciplinary counsel, charged Smith with professional misconduct following his representation of Horace K. Vinson Jr.  Smith was initially retained by Darlene Beesley to prepare and file a petition for

postconviction relief for Vinson, Beesley's stepson. After the petition was denied, Smith was contacted by Terri L. Lamb, Vinson's mother, about appealing the decision. On January 21, 2015, Lamb delivered a personal check to Smith for $1,800, the full amount of the flat fee that Smith had requested to handle the appeal, which Smith proceeded to deposit into his personal bank account. Smith, however, failed to file the notice of appeal by the February 2, 2015 deadline. Instead, on February 12, 2015, he filed in the court of appeals a motion for leave to file a delayed appeal. In his motion, Smith falsely represented to the court that he had been retained on February 2, 2015. The court of appeals denied the motion and dismissed the appeal. Smith then informed Lamb that he would prepare another petition for postconviction relief. After many months during which Smith failed to file any pleading or other document on Vinson's behalf, Vinson filed a grievance against Smith.

{¶ 2} On May 31, 2016, Smith replied to relator's inquiry into Vinson's grievance. His response included a copy of a draft appellate brief that he claimed he had intended to file on Vinson's behalf and a copy of a draft motion for new trial that he had prepared. An itemized billing statement that Smith also provided indicated that he had researched and drafted the appellate brief on January 5 and 20, 2015, and had drafted the motion for new trial on October 13 and 19, 2015. Smith's response stated that "[t]he date, description of activities, and amount of time reflected in [his] billing statements are accurate to the best of his knowledge and belief." The underlying metadata for the draft appellate brief that Smith claimed to have prepared in January 2015 and the draft motion for new trial that Smith claimed to have prepared in October 2015, however, reflected that the documents were actually created on May 30, 2016, the day prior to Smith's written response to relator. Smith then admitted that he had created the documents in order to submit them with his response.

**{¶ 3}** A panel of the Board of Professional Conduct considered this cause on the parties' consent-to-discipline agreement. *See* Gov.Bar R. V(16).

**{¶ 4}** In the consent-to-discipline agreement, Smith stipulates to most of the facts alleged in relator's complaint and agrees that his conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.15(c) (requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred), 3.3(a) (prohibiting a lawyer from knowingly making a false statement of fact or law to a tribunal), 8.1(a) prohibiting a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

**{¶ 5}** The parties stipulate that the applicable mitigating factors include the absence of a prior disciplinary record, a timely, good-faith effort to make restitution or to rectify the consequences of Smith's misconduct, a remorseful and cooperative attitude toward the proceedings, and evidence of good character and reputation. *See* Gov.Bar R. V(13)(C)(1), (3), (4), and (5). The parties agree that the applicable aggravating factors are that Smith acted with a dishonest or selfish motive, committed multiple offenses, and submitted false evidence, made false statements, or engaged in other deceptive practices during the disciplinary process. *See* Gov.Bar R. V(13)(B)(2), (4), and (6). Based on Smith's stipulated misconduct and the mitigating and aggravating factors, the parties stipulate that the appropriate sanction for Smith's misconduct is an 18-month suspension from the practice of law with the final 12 months stayed.

**{¶ 6}** The panel and the board found that the consent-to-discipline agreement conforms to Gov.Bar R. V(16) and recommend that we adopt the agreement in its entirety. In support of the stipulated sanction, the parties cited *Akron Bar Assn. v. Markovich*, 117 Ohio St.3d 313, 2008-Ohio-862, 883 N.E.2d

1046 (one-year suspension with six months stayed on conditions was the appropriate sanction for an attorney who engaged in multiple acts of misconduct, including neglecting one client's legal matter and abandoning another, filing a misleading dismissal entry with a court, and commingling personal and client funds), *Toledo Bar Assn. v. Miller*, 132 Ohio St.3d 63, 2012-Ohio-1880, 969 N.E.2d 239 (one-year suspension with six months stayed was the appropriate sanction for an attorney who lied to two courts and mishandled his law firm's trust accounts), *Cleveland Metro. Bar Assn. v. Kealy*, 125 Ohio St.3d 238, 2010-Ohio-1554, 927 N.E.2d 591 (18-month suspension with 12 months stayed was the appropriate sanction for an attorney who, among other things, neglected a legal matter and knowingly made a false statement of material fact during the disciplinary investigation), and *Disciplinary Counsel v. Broeren*, 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935 (six-month suspension was the appropriate sanction for an attorney who neglected a client's case, attempted to cover up the neglect by fabricating letters, failed to return the client's file on request, and failed to cooperate in the ensuing disciplinary investigation).

{¶ 7} We agree that Smith violated Prof.Cond.R. 1.3, 1.15(c), 3.3(a), 8.1(a), and 8.4(c) and, as stated in the parties' agreement and as indicated by the cited precedents, that this conduct warrants an 18-month suspension, with the final 12 months stayed. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 8} Accordingly, Samuel Ray Smith II is hereby suspended from the practice of law for a period of 18 months, with the final 12 months stayed on the condition that he engage in no further misconduct. If Smith violates the condition of the stay, the stay will be lifted and he will serve the entire 18-month suspension.

{¶ 9} Costs are taxed to Smith.

Judgment accordingly.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

4

_____

Scott J. Drexel, Disciplinary Counsel, and Audrey E. Varwig, Assistant Disciplinary Counsel, for relator.

James E. Arnold & Associates, L.P.A., and Alvin Earl Mathews Jr., for respondent.

_____